[No. 15299. In Bank.—January 6, 1895.]

CHARLES McLAUGHLIN, Appellant, *v.* PETER MENOTTI, Respondent.

Statutes—Evidence—Variance Between Act and Printed Volume.— A certified copy of a statute must be accepted as the authentic statute and expression of the legislative will, and, if there is any variance between an act of Congress as found in the printed volume of statutes and the original, as enrolled and deposited with the secretary of state, the latter must prevail.

Id.—Provisions of Statute—Question of Law.—What are the provisions of a statute is a question of law to be determined by the court upon an examination of the statute itself, and the enrolled copy of the act is the statute or legislative will by which courts are to be governed.

Id.—Error in Printed Volume of United States Statutes—Improve-
ments of Bona Fide Settler on Mineral Lands.— In the printed
volume of 13 United States Statutes, page 358, section 4, of the act of
Congress of July 2, 1864, the word "or," is erroneously substituted for
the word "on," and it is only the improvements of a *bona fide* settler
"*on* any lands returned and denominated as mineral lands" that are
protected by that section.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.

The facts are stated in the opinion of the court.

*A. L. Rhodes,* for Appellant.

*Jackson Hatch,* for Respondent.

The court ought to read the act as printed in the
official volumes of the report.   (1 Greenleaf on Evidence,
sec. 480; Noy's Maxims, 37, 41st Inst. 240; *Pease* v. *Peck*,
18 How. 595; *McLaughlin* v. *Menotti*, 89 Cal. 363.)   The
section of the statutes in question has been referred to
by the supreme court of the United States as it is
printed, in *Broder* v. *Natoma Water etc. Co.*, 101 U. S.
274; *Newhall* v. *Sanger*, 92 U. S. 761; *Kansas Pac. Ry.
Co.* v. *Dunmeyer*, 113 U. S. 629.)

THE COURT.—Upon the former appeal in this case
(89 Cal. 354), the case was remanded for a new trial,
for failure of the trial court to find whether Hirleman,
the predecessor of the defendant, was a *bona fide* settler
upon the lands involved in the action, within the mean-
ing of section 4 of the act of Congress of July 2, 1864
(13 U. S. Stats. 358), amending the act of July 1, 1862.
That section, so far as applicable to the present case, as
found in the printed volume of the statutes, reads as
follows: "And any lands granted by this act, or the act
to which this is an amendment, shall not defeat or im-
pair any pre-emption, homestead, swamp land, or other
lawful claim, nor include any government reservation
or mineral lands, or the improvements of any *bona fide*
settler, *or* any lands returned and denominated as min-
eral lands, and the timber necessary to support his said

improvements as a miner or agriculturist," etc.; and this court, in its opinion upon the former appeal, assumed this reading to be correct. Upon the subsequent trial of the cause the superior court found that Hirleman was a *bona fide* settler, within the meaning of the act of Congress, and rendered judgment in favor of the defendant. The plaintiffs have appealed from this judgment upon the findings alone.

Counsel for appellants has now produced a copy of the enrolled act on file in the department of state at Washington, under the seal of the department, and certified by the secretary of state, from which it appears that the true reading of the foregoing portion of the statute is as follows: "And any lands granted by this act, or the act to which this is an amendment, shall not defeat or impair any pre-emption, homestead, swamp land, or other lawful claim, nor include any government reservation or mineral lands, or the improvements of any *bona fide* settler *on* any lands returned and denominated as mineral lands, and the timber necessary to support his said improvements as a miner or agriculturist," etc.

We must accept this certified copy of the act as the authentic statute and expression of the legislative will. What are the provisions of a statute is a question of law to be determined by the court upon an examination of the statute itself, and the enrolled copy of the act is the statute or legislative will by which courts are to be governed. If there is any variance between an act, as found in the printed volume of statutes, and the original, as enrolled and deposited with the secretary of state, the latter must prevail. Section 1875, subdivision 3, of the Code of Civil Procedure, provides that the courts of this state shall take judicial knowledge of public acts of the legislative department of the United States, and declares that "the court may resort for its aid to appropriate books or documents of reference." In the absence of the original act, a copy certified by its legal custodian to be correct, must be accepted as

the highest proof of its terms. It is worthy of note that in two cases in which the statute under consideration has been before the supreme court of the United States it is quoted in their opinion in the terms found in the foregoing copy as certified by the secretary of state (*Broder* v. *Water Co.*, 101 U. S. 276; *Kansas Pac. R. R. Co.* v. *Dunmeyer*, 113 U. S. 635), thus furnishing persuasive evidence that the error in the printed volume had been previously called to the attention of that court.

As the court has found " that no part of said lands are or were mineral lands, or were returned or denominated as mineral lands," its finding that Hirleman was a *bona fide* settler is immaterial, since it is only the improvements of a *bona fide* settler on such lands that are referred to in the act; and, as the other questions presented in the action were determined upon the former appeal in favor of the present appellants, we are required to reverse the judgment, and direct that a judgment be entered upon the findings in favor of the appellants.

The judgment is reversed, and the superior court is directed to enter a judgment in favor of the appellants for the recovery of the lands described in the findings, and for the amount of rents and profits therein found, not exceeding the amount stated in the complaint.

Beatty, C. J., and De Haven, J., dissented.

Rehearing denied.